## 11324

### MARLBORO COTTON MILLS v. STIRLING HOSIERY MILLS

(119 S. E., 900)

TRIAL—JURY'S CONSIDERATION LIMITED TO QUESTION OF DAMAGES, LETTERS, AND ORDERS SHOWING BREACH OF SALE CONTRACT.—Where letters and orders introduced in evidence show a breach of a sales contract, it was proper for the Court to decide that there was such a breach, and to limit the consideration of the jury to the question of damages.

Before L. D. LIDE, SPECIAL JUDGE, Marlboro, May, 1922. Affirmed.

Action by the Marlboro Cotton Mills against the Stirling Hosiery Mills. Judgment for plaintiff, and defendant appeals.

The charge of the Special Judge is as follows:

Mr. Foreman and Gentlemen of the Jury: The Marlboro Cotton Mills brings this suit against the Stirling Hosiery Mills alleging that the Stirling Hosiery Mills, the defendant, entered into a contract with the Marlboro Cotton Mills, the plaintiff, for the purchase of 50,000 pounds of hosiery yarns, count 18, quality KK, at the price of 66 cents per pound f. o. b. McColl, S. C. And it alleges further that the defendant, Stirling Hosiery Mills, received from the plaintiff, Marlboro Cotton Mills, pursuant to this contract at different times, an aggregate of 8,829 pounds of hosiery yarns already referred to; that they have paid for same, and that the balance of 41,171 pounds of yarns the defendant, Stirling Hosiery Mills, refuses to accept, and that it thereby breached its contract, and they ask for damages in the sum of $9,469.33.

I charge you, gentlemen, that the only reasonable inference that can be drawn from the testimony which has been adduced in this case is that the defendant entered into the contract with the plaintiff for the purchase of 50,000 pounds of hosiery yarns, at 66 cents per pound, and that the de-

fendant refused to receive 41,171 pounds, and that it thereby breached its contract with the plaintiff.

Now, gentlemen, the responsibility is upon me for that holding. My view of the law is binding on you. If I am wrong the Supreme Court will correct me. The only issue for you in this case is the amount of damages which the plaintiff has sustained by reason of the breach by the defendant of the contract I have referred to. I charge you that the measure of damages is the difference between the contract price and the market value at the date of the breach of the contract. I repeat that. The measure of damages is the difference between the contract price, which is 66 cents a .pound, and the market value at the time of the breach of the contract.

Now, the burden is upon the plaintiff to prove the amount of his damages. Give the matter careful consideration, basing your verdict upon the evidence which you have heard; I have nothing to do with the facts, as to the issue of the amount of damages. That is for you. Your verdict will be, we find for the plaintiff so many dollars, writing it out in words and not in figures, and sign your name as foreman. Is there anything else?

Mr. McColl: That is all.

The Court: Take the record and find your verdict.

Mr. McColl: We desire to ask for a directed verdict. There is no issuable fact.

Recess for dinner.

(The Court requested Mr. McColl to put his grounds for directed verdict in writing during the dinner recess.)

Motion renewed after recess.

Argument.

The Court: I have listened with a great deal of interest to the argument of counsel, and I am persuaded that I cannot escape the responsibility of holding that there was a complete contract of purchase and sale in this case, and that the only issue for the jury is the amount of damages. Now,

gentlemen, do you care to argue that question to the jury?

Mr. Owens: I don't see how we could be of any help to the jury. We are willing to submit it without argument.

Mr. McColl: I just want to make a statement to the jury.

The Court: I expect you both better make statements.

Jury recalled.

The Court: Gentlemen, do you understand that the only matter before you is getting at the amount of the damages? Have you any trouble as to the law?

The Foreman: No, sir; I don't think. The main trouble is as to the amount of damages.

The Court: Gentlemen, you have heard the evidence, and the only single issue you are to pass on is the amount of damages, and I must ask you to go back and consider the matter further. This case has to be decided by some jury. This is an intelligent jury, and I am putting the responsibility on you to decide it. Try to reconcile your differences and arrive at a verdict.

A Juror: Could we explain how the gentlemen stood?

The Court: No, sir.

Mr. McColl: It is stipulated that $3,000.00 is in settlement of the question of damages.

The Court: All right; it does not affect any of the legal positions?

Mr. McColl: No appeal on the question of damages.

*Messrs. J. K. Owens* and *J. W. LeGrand,* for appellant, cite: *Existing law is part of contract:* 6 R. C. L., 243. *Contract for "requirements" without specifying quantity is void:* 57 L. R. A., 696; 262 Fed., 280.

*Messrs McColl & Stevenson* for respondent.

November 5, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by Hon. L. D. Lide, Special Judge, it is the judgment of this Court that the judgment

of the Circuit Court be affirmed, as the letters and orders introduced in the cause show confirmation of sale and meeting of the minds of the parties, and the question of damages in this case is settled by the stipulation of the parties.